■ VANDY COLTER, Appellant, v CITY OF NEW YORK, Respondent.—Appeal by the plaintiff from an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 14, 1990.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Hutcherson at the Supreme Court. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.

■ JEWISH PRESS, INC., et al., Respondents, v ELIAKIM WILLNER, Doing Business as ELIA COMPUTER, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Kings County (Greenstein, J.), entered September 7, 1990, which, after a nonjury trial, is in favor of the plaintiffs in the principal sum of $24,274.80.

Ordered that the judgment is modified, on the law and the facts, by reducing the plaintiffs' award to the principal sum of $8,066; as so modified, the judgment is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment.

This appeal involves a contract for the purchase and installation of certain computers. The appellant breached that contract by failing to install a system that adequately met the needs of the respondents. After the breach, and after the parties' settlement negotiations broke down, the respondents made only one half-hearted attempt to reduce their loss by selling the computer hardware, and ultimately donated the computers to Yeshiva University.

We find that the respondents failed to exert reasonable efforts to mitigate damages (see, Losei Realty Corp. v City of New York, 254 NY 41, 48; Hamilton v McPherson, 28 NY 72, 77). Therefore, the judgment must be reduced by $16,208.80, the market value of the Stride computer hardware at the time of trial. Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.